GOODMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. October 27, 1905.)

1. STREET RAILWAYS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

In an action for collision of a street car with a wagon, the driver having turned to cross in front of the car while it was standing 25 feet away, and there being evidence that the heads of the horses had not got on the track before the car started, it was error to refuse an instruction that if it was apparent to the driver, or would have been apparent to a person of ordinary prudence, exercising ordinary care, that the car would overtake him unless its speed was slackened, it was not a prudent act for him to assert his rights and proceed, though it was the motorman's duty to slow down or stop to enable him to cross.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 214.]

2. DAMAGES—CAUSE OF INJURY—EVIDENCE.

That the injuries received by horses were caused by collision of a street car with the wagon to which they were attached is not proved by testimony of the owner and driver that after the accident the horses limped; their condition prior to and at the time of the accident not being shown.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Samuel Goodman against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

William E. Weaver, for appellant.
Kadane & Waldman, for respondent.

SCOTT, P. J. This is one of the ordinary actions brought to recover damages for injuries claimed to have been received by a team of horses belonging to the plaintiff by reason of one of the defendant's

cars colliding with the plaintiff's wagon. The plaintiff had been driving north on the east side of West Broadway, and as he approached the southeast corner of Canal street he turned his team towards the west to avoid a mail wagon that was standing there. He testifies that as he passed this wagon he saw a Sixth Avenue south-bound car standing still north of him. He continued driving north until he got to the north side of Canal street, and there started to turn west, intending to drive west on Canal street. At this point the car was about 25 feet distant. As to whether his horses' heads had got upon the westerly track of the south-bound car at the time the car started, or whether the car started before his horses had reached the tracks, is not made certain by the evidence. The court charged the jury, however, that the proof showed that when the plaintiff's driver turned his horses to go upon the defendant's tracks—

"The car was standing still about 25 feet north of him, and that before his horses' heads got to the track upon which this car was the car started. It is for you to say whether he was justified, after seeing the defendant's car start within 25 feet of him, in going ahead. Mark you, the testimony is that, before his horses' heads had reached the track on which the car was, the car started, and it is for you to say whether plaintiff was negligent, or that the defendant was negligent; but it is a question for you to determine."

To this charge the plaintiff's attorney made no objection. In view of this statement, which the jury might well have believed, it was a very close question whether the driver was not guilty of contributory negligence upon his own showing. At the close of the charge the defendant's attorney requested the court to charge the jury as follows:

"I ask your honor to charge the jury that if it was apparent to the driver, or if it would have been apparent to a person of ordinary prudence, exercising ordinary care, that the car would inevitably overtake him unless the speed was slackened, then it was not a prudent act for him to assert his rights and proceed, even though it was the duty of the motorman to slow down or stop to enable him to cross.

"The Court: I refuse to charge otherwise than I have charged on that point.
"Defendant's Attorney: I take an exception."

The refusal to grant this request was error. The defendant was entitled to have the charge made as requested. Du Frane v. Met. St. Ry. Co., 83 App. Div. 298, 304, 82 N. Y. Supp. 1.

Another fatal defect is that there was no proof that the injuries received by the horses were caused by the collision between the car and the wagon. Plaintiff and his driver testified that after the accident the horses limped, and this testimony, together with proof of their value before the accident and a few days thereafter, was all that was given upon the subject of injuries. The condition of the horses prior to and at the time of the accident, as to being free from lameness, was not shown, and it is only conjectural that the alleged lameness was caused by the collision.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.